**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CHARLES C. HITT, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 42A04-1210-CR-508 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE KNOX SUPERIOR COURT
The Honorable W. Timothy Crowley, Judge
Cause No. 42D01-0902-FB-19

**June 18, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Charles Hitt appeals the denial of his motion to withdraw his guilty plea. We affirm.

**Issue**

Hitt raises one issue, which we restate as whether the trial court properly denied his motion to withdraw his guilty plea.

**Facts**

On February 24, 2009, the State filed several drug-related charges against Hitt. On May 1, 2009, the information was amended, and Hitt was charged with Class B felony conspiracy to commit dealing in methamphetamine, Class B felony dealing in methamphetamine, Class D felony possession of methamphetamine, three counts of Class D felony possession of a controlled substance, Class A misdemeanor possession of marijuana, Class A misdemeanor possession of paraphernalia, and Class B misdemeanor unlawful use of a police radio.

A jury trial was scheduled for July 10, 2012. That morning, Hitt agreed to plead guilty to the Class B felony conspiracy to commit dealing in methamphetamine charge, and the State agreed to dismiss the remaining charges and not to file another charge against Hitt. At the guilty plea hearing, the trial court inquired about Hitt's ability to plead guilty, informed him of his various rights, explained the terms of the plea agreement, and described the possible sentence he faced. Hitt then admitted that he helped David Mincey manufacture methamphetamine at his property between January 1, 2008, and December 8, 2008. The trial court accepted Hitt's guilty plea and found him

2

guilty of Class B felony conspiracy to commit dealing in methamphetamine, and the remaining charges were dismissed.

On September 10, 2012, Hitt filed a motion to withdraw his guilty plea. On September 11, 2012, the trial court conducted a hearing on the motion. At the hearing, Hitt questioned the State's evidence and testified that he did not have time to reflect on the bargain and that, after reflecting on it, he would rather have a trial. The trial court denied Hitt's request to withdraw his guilty plea and sentenced Hitt to ten years, with four years executed, four years suspended to work release, and two years suspended to probation. Hitt now appeals.

**Analysis**

Hitt argues that the trial court erred in denying his motion to withdraw his guilty plea. After entry of a plea of guilty and before sentencing, a trial court may allow the defendant by motion to withdraw his or her guilty plea "for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea." Ind. Code § 35-35-1-4(b). A trial court "shall allow the defendant to withdraw his plea of guilty, or guilty but mentally ill at the time of the crime, whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice." Id. "The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion." Id. "In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered 'freely and knowingly.'" Brightman v. State, 758 N.E.2d 41, 44 (Ind. 2001) (citation omitted).

3

Hitt argues that he was not advised of the elements of the conspiracy charge at the guilty plea hearing, that he was only given five minutes to decide whether to accept the plea on the morning of trial, that he thought he was pleading guilty to another charge, and that he would like a jury to decide whether he is guilty of the conspiracy charge. However, at the guilty plea hearing, Hitt acknowledged his intention to plead guilty to Class B felony conspiracy to commit dealing in methamphetamine no less than three times before the factual basis for the plea was established. The trial court also informed Hitt of his various rights, the terms of the plea agreement, and the possible sentence he faced. Nothing in the record suggests that thirty-five-year-old Hitt was unable to comprehend the nature of the charge, which had been pending against him for over three years. Further, a detailed factual basis was established, which was summarized by Hitt admitting that he helped David Mincey manufacture methamphetamine at Mincey's property and that on some of the occasions Hitt brought precursors to Mincey's property. Hitt was represented by counsel at the hearing and, by pleading guilty, several charges were dismissed and the State agreed not to file additional charges. Without more, Hitt has not shown that the trial court abused its discretion by denying his request to withdraw his guilty plea.

## Conclusion

Hitt has not shown that the trial court abused its discretion by denying his request to withdraw his guilty plea. We affirm.

Affirmed.

NAJAM, J., and BAILEY, J., concur.

4